UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BUZZFEED INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES IMMIGRATION AND<br>CUSTOMS ENFORCEMENT,<br><br>    Defendant. | Civil Action No. 18-1501 (KBJ) |

### RESPONSE TO DEFENDANT'S DECLARATION REGARDING PRODUCTION SCHEDULE

After the parties submitted a joint status report with different views on the appropriate production schedule for this matter and the Court held a telephonic status, the Court directed ICE to file a supplemental declaration with specific information regarding ICE's FOIA-processing capacity and the reason for the processing delay in this case. The information ICE provided does not justify the lengthy schedule it proposed, and Plaintiff renews its request that ICE produce the requested records within ninety days.

First, ICE provides no authority for the notion that it can grant expedited processing, allow a request to sit unanswered for a full year, then take back the grant of expedited treatment in response to a lawsuit and return BuzzFeed to regular status. To the contrary, once expedited processing is granted under the statute, an "agency *shall* process as soon as practicable any request for records." 5 U.S.C. § 552(a)(6)(E)(iii) (emphasis added). Moreover, under the statute, the request was properly expedited for compelling need because BuzzFeed is a member of the media, and potential torture by the U.S. government through improper use of solitary confinement is an urgent matter for any civilized society. Contrary to ICE's claim, see Dkt. # 13

at ¶ 7, the "feasibility" of expediting requests that are properly expedited under the statute for compelling need is not a valid legal consideration.  *See* Dep't of Justice Guide to the Freedom of Information Act, Procedural Requirements, at 36-39.

Second, consistent with its admission that it assigned unqualified personnel to process FOIA requests, it is clear that ICE also does not devote nearly enough staff to satisfy its statutory obligations under FOIA; nor is ICE taking steps to reduce its backlog.  Rather, it appears that ICE has budgeted itself ***out*** of compliance by eliminating ICE FOIA employees despite the predictable increase in FOIA interest caused by "recent Presidential Orders."  Dkt # 13 at ¶¶ 14, 16.  Nor does it apparently intend to fix its self-inflicted statutory non-compliance, stating only that it is "looking into hiring" some unspecified number of contractors.  Dkt # 13 at ¶ 13.  And far from lacking funds, "[t]he FY 2019 President's Budget for ICE includes $8.3 billion in discretionary funding, reflecting a $967 million increase from the FY 2018 enacted budget."  Not a nickel of that appears to have been set aside to do anything about ICE's failure to meet its statutory FOIA obligations.  Agencies like ICE have no incentive to increase their FOIA-compliance staff if their own inadequate staffing decisions can be used to delay transparency into their operations for literally years.

Third, it is clear that ICE seeks a production schedule in this case that is much more lenient than other pending suits.  Specifically, ICE explains that five additional cases are expected to add an additional 8,789 pages per month to its litigation processing docket, which amounts to over 1750 pages per month per case, not the meager 400 pages ICE seeks here.  Dkt # 13 at ¶ 12.  And there is no indication that any of those cases involved requests that were granted expedited status a year ago, followed by complete inactivity until the filing of a lawsuit.

ICE's refusal to devote the necessary resources to complying with its statutory obligations cannot be the tail that wags the transparency dog.  As ICE concedes, there is a significant public interest in understanding its activities.  Allowing agencies like ICE to defer scrutiny into their operations for years simply by understaffing their FOIA offices defies Congress's intent that FOIA embody "a general philosophy of full agency disclosure." *Dept. of Justice v. Reporters Committee*, 489 U.S. 749, 754 (1989).

Respectfully submitted,

By: */s/ Matthew Topic*
Matthew Topic, Bar No. IL0037
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
matt@loevy.com

*Counsel for Plaintiff*

Dated:  October 19, 2018

**CERTIFICATE OF SERVICE**

I, Matthew Topic, an attorney, certify that on October 19, 2018, I caused the foregoing RESPONSE TO DEFENDANT'S DECLARATION REGARDING PRODUCTION SCHEDULE to be served on all counsel of record via the Court's CM/ECF system.

*/s/ Matthew V. Topic*